MR. JUSTICE CARRIGAN
dissenting:
I respectfully dissent.
The issue is whether traffic offenses', i.e., crimes arising out of the operation of motor vehicles, are excepted from the requirements of section 19-2-102(3)(c)(I), C.R.S. 1973. That statute provides:
*115 “No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts alleged to have been committed by the child which would constitute a crime if committed by an adult shall be admissible in evidence against that child unless a parent, guardian, or legal custodian of the child was present at such interrogation and the child and his parent, guardian, or legal custodian were advised of the child’s right to remain silent, that any statements made may be used against him in a court of law, the right of the presence of an attorney during such interrogation, and the right to have counsel appointed if so requested at the time of the interrogation; except that, if a public defender or counsel representing the child is present at such interrogation, such statements or admissions may be admissible in evidence even though the child’s parent, guardian, or legal custodian was not present.”
Clearly no exception for traffic offenses appears in the plain language of the statute. Thus the effect of the majority opinion is to amend the statute to read:
“No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts, other than traffic offenses, alleged to have been committed by the child . . . .”
If the General Assembly had intended such an exception, it could have inserted into the statute the words which this court, in effect, inserts today. That the legislature was not unmindful of the problem is demonstrated by the immediately preceding section which expressly excepts “traffic violations” from its coverage. Section 19-2-101, C.R.S. 1973.
The Children’s Code, where the section in question is found, should be liberally construed to protect the interests of children. The majority opinion unnecessarily restricts the protection afforded by section 19-2-102(3)(c)(I) to questioning while the child is “in temporary custody or under detention.” While that statement of the majority opinion is dictum, it should be noted that the police interrogation of the sixteen-year-old boy in this case occurred at a police station, and therefore, the conditions were equivalent to temporary detention.
Section 19-2-102(3)(c)(1), by requiring the presence of a parent, guardian, or legal custodian during police interrogation of a child, establishes a standard for ethical police conduct in seeking incriminating statements from children. Similar ethical standards are usually followed by attorneys, insurance adjusters, and reputable private investigators in obtaining from adolescents statements regarding automobile accidents. If such care not to overreach or take unfair advantage of a child’s inexperience is appropriate where only possible civil liability is involved, surely the same concern for fairness ought to apply where the police seek incriminating statements from children.
The effect of today’s majority opinion is to undermine substantially the protection the General Assembly provided children suspected of *116 crimes. While the result reached no doubt provides a more efficient and expedient means of dealing with minors, accomplishing those goals is not a proper concern of courts but of the General Assembly. Judicial self-restraint and a proper respect for the prerogatives of the co-equal legislative branch of government should preclude our amending statutes to en-graft exceptions where no legislative history indicates that an exception was intended.
The county court and district court correctly applied the plain language of the statute to accomplish its obviously intended purpose, and I would approve their judgments.